UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DANIELLE POLITE,
    Plaintiff,

v.                                                    NO. 3:14-cv-01921 (VAB)

WINN RESIDENTIAL,
    Defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Danielle Polite, has filed a complaint *pro se* against her former landlord, Winn-Residential CT LLC ("Winn"). Compl., ECF No. 1. She claims that she was evicted from federally subsidized housing because she failed to pay her rent on time. *Id.* at 3, 5. She alleges that this eviction was improper under various provisions of law, namely under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Fair Housing Act, 42 U.S.C. §3601 *et seq.*, the Connecticut Fair Housing Act, Conn. Gen. Stat. §46a-64c(a), Connecticut General Statutes section 46a-58, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794. Compl. at 2, ECF No. 1. She asks that Winn be ordered to stop discriminating against black people and people with disabilities. *Id.* at 22. She also seeks readmission to her apartment and $8 million in damages. *Id.*

Winn has filed a motion to dismiss all claims in this case. Mot. to Dismiss, ECF No. 25. For the reasons that follow, that motion is **GRANTED** in its entirety without prejudice.

1

**I.      Factual Allegations**

Ms. Polite alleges that she is a person with mental illnesses, including Major Depressive Disorder and Post-Traumatic Stress Disorder, and that she rented an apartment from Winn while being treated for these illnesses. Compl. at 3, 7, 11, ECF No. 1. She claims that she failed to pay at least some portion her January 2014 rent within the time required under her lease but that she paid both January and February 2014 rent by February 10, 2014. *Id.* at 5. As a result of her late rent payment, Winn allegedly initiated eviction proceedings against her in state court and secured a judgment against her on April 2, 2014, with a stay of execution until June 30, 2014. *Id.*; Ex. to Compl. at 9, ECF No. 8.

Ms. Polite claims that on April 1, 2014, a paralegal sent a letter to Winn asking that it "withdraw the eviction action" as a reasonable accommodation for her mental illnesses. Compl. at 7, ECF No. 1; *see also* Ex. to Compl. at 7, ECF No. 8. Winn allegedly denied that request on June 12, 2014 in a letter, which explained that allowing such an accommodation would modify the HUD model lease and, therefore, be inappropriate. Compl. at 11, 13, ECF No. 1; *see also* Ex. to Compl. at 21, ECF No. 8. She alleges that Winn moved forward with the eviction in early July 2014. Compl. at 15, ECF No. 1.

After Winn denied this initial request for an accommodation, a lawyer followed up on Ms. Polite's behalf to propose alternative accommodations. *See* Ex. to Compl. at 13, 38-39, ECF No. 8. These alternatives were either that Ms. Polite could place the landlord on an automatic payment schedule negotiated directly with her bank or that she could have a representative payee or voluntary conservator to ensure that rent was always

2

paid in full and on time.  *Id.*  Ms. Polite claims that Winn accepted the second proposed accommodation and offered her a settlement agreement that would have allowed her to regain occupancy of the apartment, so long as she paid all of the money that she owed. Compl. at 16, 18, ECF No. 1; *see also* Ex. to Compl. at 50-52, ECF No. 8.  She appears to not have signed the agreement.

Finally, Ms. Polite also claims that she was having a sexual relationship with a white mechanic employed by her landlord.  Compl. at 2, 18, ECF No. 1.  She alleges that a Winn employee knew about the relationship and asked the mechanic to stay away from her.  *Id.* at 18.

## II.     Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In other words, to state a plausible claim, a plaintiff's complaint must have "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 555, 557.

In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the

3

plaintiff's favor.  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007); *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir. 1996) (citations omitted).

In considering a motion to dismiss, "a district court must [also] limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman &* Schwartz, 102 F.3d at 662 (citation and internal quotation marks omitted).  Ms. Polite has attached a number of exhibits to her Complaint, which the Court has considered in evaluating Winn's Motion to Dismiss.  Exs. to Compl., ECF Nos. 8, 17.

### III. Discussion

The Court will discuss the validity of each of Ms. Polite's claims in turn.  Because Winn does not challenge the applicability of any of the statutes Ms. Polite cites in her Complaint, the Court assumes that they all apply to Winn.

#### A. *Bivens* Claim

First, to the extent that Ms. Polite asserts claims under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), those claims must be dismissed.  *Bivens* authorizes a private cause of action against federal officers alleged to have violated a citizen's constitutional rights.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  A *Bivens* cause of action cannot lie against a private party like Winn, even if that organization acts under color of federal law.  *See id.* at 71-74 (holding that *Bivens* liability was not appropriate for a private corporation operating a halfway house under a Bureau of Prisons contract).

4

### B. Race Discrimination

Ms. Polite claims that her eviction violated the Federal Fair Housing Act because Winn discriminated against her on the basis of her race. The Fair Housing Act prohibits discrimination on the basis of a person's race or color in the sale or rental of, or provision of services or facilities to a dwelling. *See* 42 U.S.C. §§3604(a)-(b).

For her Complaint to survive a motion to dismiss under the Federal Fair Housing Act, Ms. Polite must allege facts in support of the following elements: (1) that she is a member of a protected class; (2) that she sought and was qualified to rent or purchase the housing; (3) that she was rejected; and (4) that the housing opportunity remained available to other renters or purchasers. *Dixon v. Muchnick*, No. 11-CV-30S, 2011 WL 6330156, at *4 (W.D.N.Y. Dec. 19, 2011) (citing *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003)).

Ms. Polite's allegations are quite sparse, only indicating that she was having a sexual relationship with a white man and that she believes Winn to be discriminating against African Americans. She does not allege that she is an African American. Her allegations also indicate that she had an opportunity to regain access to her apartment, namely a settlement agreement with Winn, which she refused to sign. This allegation does not plausibly support an inference that she was denied the opportunity to rent from Winn. Accordingly, her claim of racial discrimination under the Federal Fair Housing Act must fail, because she has not alleged facts supporting the required elements.

### C. Disability Discrimination

The core of Ms. Polite's Complaint is her contention that her eviction violated the Federal Fair Housing Act, the ADA, and the Rehabilitation Act, because Winn

discriminated against her based on a disability by failing to accommodate that disability. She claims that the various mental illnesses she suffers constitute a disability.

All three of these statutes prohibit discrimination against persons with disabilities in the implementation or enforcement of housing policies. *See Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003) (with respect to the ADA and the Federal Fair Housing Act); *see also Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 335 (2d Cir. 1995) (with respect to the Federal Fair Housing Act and the Rehabilitation Act). The analysis of reasonable accommodation claims brought under these three statutes is the same. *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 253 (S.D.N.Y. 2014) (noting that the Federal Fair Housing Act, the ADA, and the Rehabilitation Act "offer the same guarantee that a covered entity [ ] must provide reasonable accommodations in order to make the entity's benefits and programs accessible to people with disabilities" and that "analysis of a reasonable accommodation claim under the three statutes is treated the same.") (citations and internal quotation marks omitted).

The ADA, Rehabilitation Act, and Federal Fair Housing Act require landlords to incur reasonable costs to accommodate a handicap or disability, "provided such accommodations do not pose an undue hardship or a substantial burden" or afford "additional substantive benefits." *Shapiro*, 51 F.3d at 335 (under the Federal Fair Housing Act); *Wright v. Giuliani*, 230 F.3d 543, 547-48 (2d Cir. 2000) (under the ADA and the Rehabilitation Act); *Tsombanidis*, 352 F.3d at 578 (under the ADA and Federal Fair Housing Act).

To state a claim for a failure to reasonably accommodate a disability, a plaintiff must allege (1) that he is disabled under the ADA and Rehabilitation Act or that he

6

suffers a handicap as defined by the Fair Housing Act; (2) that the defendant knew or reasonably should have known of the plaintiff's disability; (3) that accommodation of the disability may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) that the defendants refused to make such an accommodation. *See Logan*, 57 F. Supp. 3d at 256 (citations omitted); *accord Taylor v. Hous. Auth. of New Haven*, 267 F.R.D. 36, 51 (D. Conn. 2010) (citation omitted).

Winn argues that Ms. Polite's claim fails (1) because the initial accommodation Ms. Polite requested was unreasonable and (2) because it provided her a reasonable alternative accommodation that she refused to accept. Def.'s Br. 6-9, ECF No. 26. The Court agrees.

Ms. Polite's first request for an accommodation was that she be permitted to pay her rent late because of her disability. This accommodation is not reasonable, because it would have required Winn to make fundamental or substantial modifications to the lease in order to accommodate her. The law does not require such accommodations to be made. *See Wright*, 230 F.3d at 548 (holding in a challenge to housing conditions under the ADA and the Rehabilitation Act that these two statutes "do not require that substantively different services be provided to the disabled, no matter how great their need for the services may be"); *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 301-02 (2d Cir. 1998) (finding that the housing accommodation sought by plaintiffs, which "remedies their economic status, on the ground that this economic status results from their being handicapped," was not legally required under the Fair Housing Act because it was not "necessary to afford handicapped persons equal opportunity to use and enjoy a dwelling") (citation, emphasis, and internal quotation marks omitted).

7

Ms. Polite's second request for an accommodation, either having her bank directly pay the landlord or having a third-party oversee the payment of her rent, was more reasonable. Ms. Polite alleges that Winn accepted this second accommodation, but that she subsequently rejected their offer. She does not allege why she rejected the accommodation. Nor does she allege that she provided a counter-offer. Thus, she has failed to raise a plausible inference that Winn denied her an accommodation or refused to accommodate her disability.

### D. State Law Claims

Ms. Polite has also brought state law claims under the Connecticut Fair Housing Act and Connecticut General Statutes section 46a-58. The Court has dismissed all of Ms. Polite's federal claims. It declines to exercise supplemental jurisdiction over her state law claims. *See* 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim… if… the district court has dismissed all claims over which it has original jurisdiction."); *see also Kelly v. Signet Star Re, LLC*, 971 F. Supp. 2d 237, 254 (D. Conn. 2013) ("[T]his Court is reluctant to exercise supplemental jurisdiction in non-diversity cases, given that under 28 U.S.C. §1367(c) and (c)(3), United States district courts may decline to exercise supplemental jurisdiction over a claim if they have dismissed all claims over which [they] ha[d] original jurisdiction… The Second Circuit [ ] explained that… if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well.") (citations and internal quotation marks omitted). Accordingly, all of Ms. Polite's state law claims are dismissed.

**IV.     Conclusion**

For all of the foregoing reasons, Winn's Motion to Dismiss, ECF No. 25, is **GRANTED** in its entirety without prejudice to Ms. Polite filing an amended complaint. "Generally, '[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Obot v. Sallie Mae*, 602 F. App'x 844, 846 (2d Cir. 2015) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).  Out of an abundance of caution, the Court will provide Ms. Polite **thirty (30) days** to file an amended complaint.  Failure to do so within thirty days will result in dismissal of this lawsuit.

SO ORDERED at Bridgeport, Connecticut this 15th day of January 2016.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE